OPINION
This is an appeal from the Lake County Court of Common Pleas. Appellants, Michael G. Hodgins and Carolyn A. Hodgins, appeal from the trial court's judgment entry affirming the North Perry Village Board of Zoning Appeals' ("Board") decision.
Appellants reside at property located at 2684 Antioch Road in North Perry Village, Lake County, Ohio. The land is in an area zoned R-1 residential. Appellants own and operate a landscaping business from their residence. They claim their land is used for the purpose of growing nursery stock and for doing the bookkeeping for the business.
In 1997, the zoning inspector cited appellants for conducting a commercial business in a residential district. Appellants applied for a use variance and/or conditional use permit from the Board indicating on the application that they wished to operate a landscaping business in a residential district. The Board held a public hearing on March 31, 1997, after notifying the interested parties pursuant to the zoning code requirements. At the hearing, appellant Michael Hodgins explained that he wanted to be a good neighbor, and had been cleaning up his property to grow a nursery stock on it. He further asserted that he had a compost pile on his land approved by the Ohio EPA, and a burning permit from the Lake County Health Department. However, he stated that he only burned on the property when the wind was blowing away from the neighboring houses. Appellant Michael Hodgins revealed that eventually he wanted to build a new pole barn on his property. He also mentioned that when he repairs his driveway, his employees will park at the rear of the property. When asked how many employees he had, he replied:
 "Two now and four in the busy part of the season. * * * [H]e explained that he has three pickups, one dump truck, one loader, two trailers, and various lawn mowers."
Several neighbors also testified regarding the amount of noise, vulgar language, and the improper behavior of the employees. The neighbors asserted that the use of the property was not agricultural. The neighbors further stated that appellants' employees brought materials such as grass clippings, wood chips and tree stumps from other property onto the land. The Board asked appellant Michael Hodgins what hours he conducted business. He explained that he worked from "April 1-November 15[,] Monday through Fridays with some Saturdays."
According to the minutes from the March 31, 1997 meeting, one Board member made a motion, which was unanimously adopted, "to continue the meeting at a later date, to allow [appellants] to operate for this season and then have time to review additional information." On July 28, 1997, the Board reconvened to address appellants' request, but they again decided to continue the matter to a later date so that all interested parties and their attorneys could be present. However, prior to adjourning the meeting, one of appellants' neighbors raised concerns that he felt the business was operating in a residential zone and not in a commercial one.
On August 4, 1997, the Board reassembled to decide the matter. At that hearing, the Board heard testimony similar to that presented at the March 31, 1997 meeting. Appellant Michael Hodgins again claimed that his landscaping business was an agriculture use. A Board member proceeded to read the definition of agriculture from the Codified Ordinances of North Perry Village. At the hearing, appellant Michael Hodgins explained that he envisioned his business growing one day, but until that time, he could not afford a different business site. Additionally, he mentioned that he has two employees that produce two extra cars in his yard when they come to load and unload their trucks, but they immediately leave for the site they are working at that day. Appellant Michael Hodgins informed the Board that he hauled grass clippings to the rear of his property.
Following appellant Michael Hodgins' statements, one of his neighbors read a letter which explained that several residents did not believe that the operation on appellants' property conformed to the local zoning ordinances. Several other neighbors emphasized that they wanted the business relocated because the area is zoned residential, not commercial. Furthermore, one neighbor mentioned that the volume of traffic was a problem. The zoning inspector also opined that appellants were operating a commercial business in a residential zoned area.
On September 9, 1997, the Board unanimously rendered its decision denying appellants' variance or conditional use permit. On October 8, 1997, appellants filed a notice of appeal with both the clerk of the Lake County Court of Common Pleas and the Board appealing the September 9, 1997 decision. On October 16, 1997, appellants submitted a "Motion to Stay Execution and/or Proceedings." In a judgment entry dated November 24, 1997, the trial court granted the motion in part.
On November 17, 1997, the transcript of the Board's proceedings was filed with the trial court, which included: (1) the public hearing notice for the March 31, 1997 hearing; (2) the variance application; (3) the minutes of the March 31, 1997 meeting; (4) the minutes from the July 28, 1997 meeting; (5) the minutes from the August 4, 1997 meeting; and (6) the announcement of the decision.
Subsequently, both parties filed briefs pertaining to this matter with the trial court. Appellants' brief to the trial court raised two issues: (1) that the Board's August 4, 1997 meeting was illegal, and (2) that the Board's ultimate decision was arbitrary, capricious, unreasonable and unsupported by the evidence. In its March 3, 1998 judgment entry, the trial court ruled that the Board correctly denied appellants' variance and conditional use permit application. On April 2, 1998, appellants filed another "Motion to Stay Execution and/or Proceedings," which was overruled.
Appellants timely filed a notice of appeal, and assert the following as error:
 "[1.] The trial court erred to the prejudice of [appellants] and abused its discretion in affirming the decision of the [Board].
 "[2.] The trial court erred to the prejudice of [appellants] and abused its discretion in affirming the decision of the [Board] because the August 4, 1997 [Board] meeting was illegal.
 "[3.] The trial court erred to the prejudice of [appellants] and abused its discretion in affirming the decision of the [Board] because the decision of the [Board] was arbitrary, capricious, unreasonable and unsupported by the evidence."
As appellants' assignments of error are interrelated, they will be addressed in a consolidated manner.
Initially, we note that in an administrative appeal, the court of common pleas functions primarily as an appellate court in reviewing administrative proceedings. Further, there is a presumption that a board's determination is valid, and the burden of showing an invalidity rests on the contesting party. C. MillerChevrolet v. Willoughby Hills (1974), 38 Ohio St.2d 298, paragraph two of the syllabus.
Specifically, R.C. 2506.04 governs administrative appeals from local boards and allows an aggrieved party to appeal such an administrative agency's decision to the common pleas court. R.C.2506.04 provides that:
 "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. * * *"
Thus, the court of common pleas' standard of review in this type of an administrative appeal is whether the decision of the administrative agency is supported by a preponderance of reliable, probative, and substantial evidence in the record.Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34;Dudukovich v. Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202,207. The trial court must give due deference to an administrative agency's resolution of evidential conflicts and may not substitute its judgment for that of the administrative agency. Sea Lakes, Inc. v.Lipstreau (Sept. 30, 1991), Portage App. No. 90-P-2254, unreported, at 7. Therefore, the role of a common pleas court is a hybrid one. The trial court has an obligation to weigh the evidence in the record to see whether there exists a preponderance of reliable, probative, and substantial evidence to support the Board's interpretation of the facts. Dudukovich at 207.
An appeal to this court is more limited in scope. As an appellate court, our review is restricted to determining whether, as a matter of law, the decision of the trial court is supported "by a preponderance of reliable, probative and substantial evidence." Rydbom v. Palmyra Twp. Bd. of Zoning Appeals (June 26, 1998), Portage App. No. 97-P-0086, unreported, at 4. We do not have the authority to weigh the preponderance of reliable, probative and substantial evidence as is granted to the trial court.
In the case sub judice, we must decide whether the trial court committed an error of law in reviewing the Board's ruling and in affirming the Board's decision to deny the variance or conditional use permit because that decision was arbitrary, capricious, unreasonable and unsupported by the preponderance of reliable and probative evidence.
One of appellants' primary arguments is that the August 4, 1997 hearing was illegal as the Board granted them a variance or conditional use permit at the March 31, 1997 hearing. However, at the March meeting, one Board member moved to continue the hearing to a later date to allow appellants to operate their business for the season and to give the Board extra time to review additional information. The Board unanimously adopted this motion. It is our view that this action was a pragmatic accommodation, the effect of which was not to take express action for or against appellants' request at that time. Simply stated, there is absolutely no thread of evidence that the Board's vote was tantamount to a granting of a use variance or a conditional use permit in favor of appellants.
Appellants allege that they justifiably relied upon the continuance of the March hearing as the granting of a variance until the end of their season. However, "[g]enerally, the doctrines of laches and estoppel do not apply to prevent local governments from enforcing a zoning regulation." Ghindia v. Monus
(June 14, 1996), Trumbull App. No. 95-T-5326, unreported, at 8. Thus, even if appellants detrimentally relied on the continuance, appellants did not object when the Board met on July 28 or August 4, 1997 regarding appellants' request. Again, the March 31, 1997 hearing did not result in the granting of a variance; it was merely a postponement to allow the Board to review additional information.
Additionally, after reviewing the evidence presented in the instant matter, we have determined that appellants called no witnesses to testify before the Board, and they presented no evidence to support the granting of a variance or conditional use permit. By contrast, those opposed to the issuance of a conditional use permit supplied statements of nearby landowners expressing concerns about the noise, traffic, and vulgar language, and that appellants' business activities did not conform to the permitted uses in that location under the applicable sections of the two assigned ordinances. Moreover, the zoning inspector stated that appellants were operating a commercial business in a residential area.
Usually, an application for a conditional use permit requires an adjudicatory hearing. In re Rocky Point Plaza Corp. (1993),86 Ohio App.3d 486, 491. Thus, in the case at bar, both the March 31, 1997 and the August 4, 1997 meetings conducted by the Board were adjudicatory in nature. Both meetings were also open to the public, and the personal views expressed by the citizens in attendance did not rise to the level of substantive evidence in this instance.
Moreover, in their brief, appellees rely on Adelman Real EstateCo. v. Gabanic (1996), 109 Ohio App.3d 689. In Adelman, the issue was whether a township board of zoning appeals properly denied a conditional use permit to applicants who wanted to open an auto leasing and new car sales business. The board of zoning appeals conducted an adjudicatory hearing where several township residents expressed concerns about the volume of traffic, the safety of patrons, and the detrimental effect on the aesthetic appearance of the area. The applicants and their architect proposed a solution to every concern voiced by the members of the public, but the board voted to deny the conditional use permit. On appeal, the common pleas court affirmed the denial of the permit. However, this court determined that the common pleas court could not have found a preponderance of substantial, reliable, and probative evidence to support the decision of the administrative agency. In reversing the judgment of the common pleas court, this court reasoned:
 "The ploy of swearing in the members of the public does not alter the fact that the bulk of these witnesses are merely offering their subjective and speculative comments and unsubstantiated opinions. Such testimony cannot rise to the level of the reliable, probative, and substantial evidence * * *." Id. at 694.
In light of Adelman, it is apparent that when an administrative body bases a decision on the expressed but unsubstantiated concerns of the public, then that decision may well not be predicated on substantial, reliable, and probative evidence.
However, the present matter can be distinguished from theAdelman case since here, the Board did not only base its decision on the opinions of neighboring landowners. Rather, the Board was concerned with a commercial business operating in a residentially zoned area. Further, appellants presented no evidence to resolve the concerns raised by the neighbors. Nor did appellants present sufficient evidence for the trial court to conclude that their business fell within the purview of section 1106.03 of the North Perry Village Zoning Regulations, which states:
 "(a) * * * A building or premise shall be used for the following purposes:
One family dwelling * * *.
Agriculture.
Home occupation.
Accessory building * * *."
Although appellants argue that their landscaping use falls within the definition of agriculture, pursuant to section1101.02(4) of the zoning regulations, agriculture is defined as, "any agricultural use such as and including, but not limited to, * * * horticulture, floriculture, viticulture and greenhouses * * *." Appellants have not provided any evidence that their business falls within this definition. Further, the neighbors asserted that the use of the property was not agricultural. Appellants also offered no evidence to support their claim that they grow plants and flowers on the property. Thus, under these circumstances, we must conclude, as did the common pleas court, that the Board properly denied the variance or conditional use permit requested by appellants.
Additionally, since appellants were seeking a use variance, InRe Appeal by Hixson's Flowers, Inc., dba Hixson's East, of theDenial by the Bainbridge Board of Zoning Appeals (BZA) of BZAApplication No. 87-18 (Feb. 10, 1989), Geauga App. No. 1458, unreported, at 4, states:
 "The showing required depends upon the type of variance requested. If a use variance is requested, e.g., construction of a retail store on residentially zoned property, the applicant must show unnecessary hardship." (Emphasis sic.)
Due to the fact that appellants were seeking a variance for a commercial use on residentially zoned property, they must demonstrate unnecessary hardship unique to their particular property, and show that the granting of the variance would serve the spirit of the zoning regulations. Hulligan v. Columbia Twp.Bd. of Zoning Appeals (1978), 59 Ohio App.2d 105, 109.
Appellants have not established that their inability to operate their landscaping business at their home will cause them unnecessary hardship. Without a showing of unnecessary hardship, appellants have failed to prove that the trial court erred in affirming the Board's decision. Consequently, we conclude that the trial court's affirmance of the Board's decision to deny the conditional use permit was supported by a preponderance of substantial, reliable, and probative evidence, and was not arbitrary, capricious, and unreasonable. Thus, we must affirm the denial of the variance request.
Based on the foregoing analysis, appellants' assignments of error are not well-taken. Accordingly, the judgment of the Lake County Court of Common Pleas is affirmed.
____________________________________
PRESIDING JUDGE DONALD R. FORD
O'NEILL, J., MAHONEY, J., (EDWARD), Ret., Ninth Appellate District, sitting by assignment, concur.