OPINION
Plaintiff-Appellants Robert L. Watkins and his agent, Michael E. Watkins submitted an application with the Perry Township Board of Zoning Appeals ("BZA") for a conditional use permit. The conditional use requested was to further subdivide his property into three additional lots for the purpose of building residences for sale. One subdivided lot had previously been approved by the BZA for the purpose of housing an ailing family member. Watkins' property is located within the "A" Agricultural District of Perry Township.
The BZA held hearings on Watkins' application on June 20, November 4, and December 5, 1996. At these hearings, the Board focused primarily on the issue of drainage. In this regard, Watkins presented testimony from Timothy Schram, his engineer, and letters from two representatives from the Montgomery County Soil and Water Conservation District, Ray Naylor, and Kenneth Adams, and from Bruce B. Bollinger, Plat and Construction Engineer with the Office of the Montgomery County Engineer. Timothy Schram briefly outlined the details of the drainage plan he had designed for the proposed lots on Watkins' property.
The letter from Ray Naylor stated that he had reviewed the drainage proposal and "it appears that this would work if completed according to plan." Additionally, Kenneth Adams advised in his first letter that the drainage plan was "adequate in design to carry the discharges from the four proposed lots." In a later letter, he further stated that the plan "does provide an adequate outlet for the proposed curtain drains on the Watkins property." Bruce Bollinger simply informed Appellant in his letter that the plan was permissible provided it did not contain septic flow.
Several members of the community were also present at these hearings and submitted sworn testimony regarding their views on the conditional use. Despite the testimony presented by Appellant, many of these individuals were still skeptical about the effect building these homes would have on the drainage in the area, particularly in light of past and current drainage problems. Many questioned who would be responsible for future problems with the drainage on neighboring farms if their "plan" was not successful. The answer appeared to be that each individual homeowner would be responsible for any problems or repairs on their land.
In addition to drainage concerns, many individuals testified the use would not be consistent with the intentions for establishing the "A" Agricultural District. The Preamble to Article 7 of the Perry Township Zoning Code states:
 This District has been established to provide for agricultural activities and related uses and is intended to protect and preserve areas of prime agricultural soils for continued agricultural and agriculturally related uses.
Appellant did not present any evidence addressing this concern.
The BZA denied Appellant's application for conditional use 5-0, stating that the denial was based on inadequate drainage. Subsequently, Appellant appealed this decision to the trial court, which sustained the decision of the Perry Township BZA. Appellant now appeals to this court, raising the following assignment of error:
 The Common Pleas Court erred in affirming the decision of the Perry Township (Montgomery County) Board of Zoning Appeals in denying the Application for Conditional Use Presented by Robert L. Watkins and Michael E. Watkins, Agent, Appellants herein, which decision was not based on substantial, reliable and probative evidence, but was instead based on speculative and unfounded "concerns" of members of the general public attending the board meeting.
We must first address the standards of review involved in an administrative appeal. When a court of common pleas is reviewing an agency decision, it must "determine whether there exists a preponderance of reliable, probative and substantial evidence to support" the decision. Dudukovich v. Lorain Metro. Hous. Auth.
(1979), 58 Ohio St.2d 202, 207. This does not mean that a trial court can substitute its judgment for that of the agency, particularly when the agency has expertise in the area. Id.
Further, the trial court must presume that the agency decision is "reasonable and valid." Community Concerned Citizens, Inc. v.Union Twp. Bd. of Zoning Appeals (1993), 66 Ohio St.3d 452, 456. Accordingly, if the trial court finds that the agency's decision is supported by a preponderance of reliable, probative and substantial evidence, then the decision must be affirmed.Dudukovich, supra.
An appellate court, on the other hand, has a much more limited standard of review. When reviewing a trial court's decision regarding an agency's order, the appellate court need only determine if the trial court abused its discretion. LorainCity School Dist. Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 261. It is well settled that an abuse of discretion exists where the court's attitude is unreasonable, arbitrary or unconscionable. State v. Montgomery (1991), 61 Ohio St.3d 410,413. Therefore, we must affirm the trial court's decision absent an abuse of discretion.
It is without question the individual applying for a zoning change has the burden to present sufficient evidence to support the findings required in the zoning code. Bales v. City of Dayton
(Nov. 8, 1996), Montgomery App. No. 15668, unreported, p. 1. Section 406.05 of the Perry Township Zoning Code contains a list of standards that must be met before the BZA can grant a conditional use. The only two standards addressed by the BZA and the trial court in this case were:
 Adequate utility, drainage and other such necessary facilities have been or will be provided.
 The proposed Conditional Use desired will not compromise the preservation of prime Agricultural and Open Space lands as delineated on the Land Use Limitation Maps, and will not adversely affect the adjacent farmlands including existing field drainage systems.
Both the BZA and the trial court found that Appellant did not present sufficient evidence to satisfy either of these standards. Appellant stressed in his brief that he presented ample expert testimony regarding the adequacy of the drainage plans for the conditional use. In this regard, he offered testimony from an engineer hired to develop the drainage plan, as well as letters from two individuals from the Soil and Water Conservation District confirming the plan's sufficiency. Further, Appellant argues that the opposing testimony from surrounding landowners and tenants was irrelevant because their testimony was not based on substantial, reliable and credible evidence. We disagree.
The argument raised by Appellant is based on the holdings of a few appellate cases that unsubstantiated public opinion is not proper at an adjudication on an application for conditional use. See Adelman Real Estate Co. v. Gabanic (1996), 109 Ohio App.3d 689,694; ATT Wireless v. City of Streetsboro (June 26, 1998), Portage App. No. 97-P-0070, unreported, p. 7. However, this court and the Ohio Supreme Court have upheld BZA decisions which considered sworn testimony from neighbors and others regarding the potential impact of the conditional use. See Community ConcernedCitizens, supra, at 457; Lawson v. Foster (1992), 76 Ohio App.3d 784,791. In Community Concerned Citizens, the Court found that it was not unreasonable for the BZA to reach different results in two similar cases due to opposing testimony being presented in one, and no opposing testimony in the other. Id.
Additionally, in Lawson, this court detailed the testimony of several neighbors stating their opinion as to whether the appellant's mulching business qualified as an agricultural service as required in the zoning code. Lawson, supra. None of those testifying were qualified as experts, but instead were mostly farmers who had lived in the community over a period of time. The BZA and this court considered their testimony as reliable, probative and substantial evidence that the mulching operation was not agricultural, and thus the conditional use was denied. Id.
Furthermore, a BZA is presumed to have a thorough understanding of not only the zoning resolutions, but also the characteristics of the uses contained within their district.Amser Corp. v. Village of Brooklyn Heights (May 6, 1993), Cuyahoga App. No. 62140, unreported, p. 9. As we stated inLawson, a reviewing court should give deference to the BZA in its area of expertise. Supra, at 788.
Many neighbors testified in the present case regarding their concerns with the proposed drainage plan and its impact on surrounding farmland. The main concerns expressed regarding drainage were whether the new plan would cause increased drainage problems upstream and/or downstream, and who would be responsible for any repairs to the new drainage system. The first question never appeared to be answered in the record beyond the letters stating that the plan was adequate. Further, Appellants testified that each individual homeowner would be responsible for any repairs or problems with the portion of the drainage system on their property.
It is presumed the Perry Township BZA is familiar with the "A" Agricultural District and the purpose for establishing it. Also, the members of the BZA are likely familiar with the ongoing drainage problems this district has experienced, as discussed during the hearings in this case. In fact, the Chairman of the BZA stated that he had been dealing with drainage issues all of his life. Although Appellant presented evidence from experts that the drainage plan "would work" for the proposed four lots, apparently the BZA was not convinced that there would be no adverse consequences to the surrounding neighbors. Taking into consideration the BZA's expertise in this area, the trial court did not abuse its discretion in finding the BZA's decision to deny the conditional use was supported by reliable, probative and substantial evidence.
Although not specifically mentioned when denying Appellant's application, we also find compelling the slippery slope argument concerning development in the area. Aside from drainage, the other issue raised at the hearings on Appellant's application was the preservation of the land for agricultural use. The zoning resolution intended for this area to be protected and preserved for agricultural uses, and ensured this protection by requiring satisfaction of the standard stated in § 406.05(I) above. There were several comments made at the November and December hearings from surrounding citizens who were concerned not only with the three additional houses Watkins wanted to develop, but also with any future development this may precipitate. These concerns were not addressed by Appellant at the hearings or on appeal, thereby providing no evidence of compliance with § 406.05(I) of the Perry Township Zoning Code. This is further support that the trial court did not abuse its discretion in upholding the BZA decision to deny Appellant's conditional use.
Based on the foregoing, Appellant's sole assignment of error is overruled. Judgment affirmed.
FAIN, J., and YOUNG, J., concur.
Copies mailed to:
David C. Greer
James P. Fleisher
Thomas M. O'Diam
Cynthia P. McNamee
HON. JOHN PETZOLD