OPINION
{¶ 1} Appellant, Sharyll Primus, appeals from the Portage County Court of Common Pleas' decision affirming an administrative appeal decision by the Ohio Department of Job and Family Services ("ODJFS"). The ODJFS decision affirmed the Summit County Department of Job and Family Services' decision denying appellant's claim for lost food stamp benefits.
 {¶ 2} In March of 2002, appellant claimed that she was entitled to lost food stamp benefits. Appellant based this request on her claim that, some two years ago, she had been paying residential rent of $250 per month. On this basis, appellant maintained that she was entitled to a certain deduction and the state's failure to grant her the deduction effected a loss in the food stamp benefits she was owed. However, appellant's request was construed as a request for back benefits for the preceding twelve months, pursuant to Ohio Adm. Code 5101:4-8-03(B), which so limits the recovery of lost food stamps recovery. Appellant sought and was granted a state hearing which was conducted on April 1, 2002. The state hearing decision was issued on April 12, 2002 denying appellant's claim for lost food stamps. On April 29, 2002, the decision was affirmed on administrative appeal.
 {¶ 3} Appellant appealed the administrative appeal decision to the Portage County Court of Common Pleas pursuant to R.C. 119.12 and R.C.5101.35. Appellant initially notified the common pleas court of her intention to appeal two administrative appeal decisions: one from April 29, 2002, and another issued May 1, 2002. However, appellant abandoned her appeal from the May 1, 2002, decision. Thus, the current appeal is relevant only to the subject addressed in the April 29, 2002, administrative appeal decision wherein appellant was denied her request for back payment of allegedly underpaid food stamps.
 {¶ 4} Appellant sets forth two assignments of error which fail to assert a clear issue for this court to evaluate. However, as far as this court can discern, appellant appears to argue that the court of common pleas abused its discretion in denying her request for back payment of allegedly underpaid food stamps.
 {¶ 5} In Schmitt v. Counselor and Social Worker Board, 11th Dist. No. 2001-L-234, 2003 Ohio 3496, we set forth the standard of review for administrative appeals:
 {¶ 6} "`[T]he standard of review applied by the trial court is whether there is a preponderance of reliable, probative and substantial evidence in the record to support the administrative agency's decision.
 {¶ 7} "The trial court must give due deference to the agency's resolution of evidentiary conflicts, and the court may not substitute its judgment for that of the agency.
 {¶ 8} "Furthermore, the court is bound by the nature of administrative proceedings to presume that the decision of the administrative agency is reasonable and valid.
 {¶ 9} "As an appellate court, our review is limited to a determination of whether we can say, as a matter of law, that the decision of the trial court is not supported by a preponderance of reliable, probative, and substantial evidence *** as is granted to the trial court.'" Id. at ¶ 19-23, citing Adelman Real Estate Co. v.Gabanic (1996), 109 Ohio App.3d 689.
 {¶ 10} During the April 1, 2002 administrative hearing, appellant set forth evidence purportedly establishing that she had been paying rent since her May, 2000 application for benefits. Appellant argued that she was entitled to a rent deduction for purposes of food stamps allocation and thus requested repayment of lost food stamps. However, Ohio Adm. Code5101:4-8-03(B) states that food stamps "[b]enefits shall be restored for not more than twelve months prior to whichever the following occurs first. (1) The date the county agency receives a request for restoration from an AG [assistance group] ***." Because appellant's request was received in March of 2002, she is entitled to recover only those benefits from March of 2001 through March of 2002. However, appellant argues that she is entitled to lost food stamps benefits beginning in May of 2000.[1]
But for the six letters detailed in footnote 1, there is no evidence to suggest that appellant is entitled to benefits during this time period. Even if such evidence was of such a character to demonstrate appellant is entitled to lost benefits for this period, Ohio Adm. Code 5101: 4-8-03(B) does not permit such recovery.
 {¶ 11} In sum, appellant had an opportunity to present evidence on the issue of lost food stamps benefits for the periods of 1999 and 2000. During this opportunity, the record indicates that appellant attempted to verify that she was paying rent (by recourse to the above mentioned six letters). However, the hearing officers determined that such evidence was insufficient. Appellant never pursued the appeal further. In the current matter, appellant attempted to revitalize an issue formerly adjudicated by submitting evidence that was already considered. This issue is barred by the doctrine of res judicata.
 {¶ 12} Notwithstanding this former adjudication, appellant's request for any amount beyond a twelve month retroactive period is barred by Ohio Adm. Code 5101:4-8-03(B). Because appellant offered no evidence to demonstrate she was entitled to lost benefits during this twelve month period, the decision of the Portage County Court of Common Pleas is affirmed.
 {¶ 13} That said, appellant additionally argues, however, that she was denied due process of law when the administrative appeals hearing officer failed to consider her 107 page evidentiary supplement sent to the Bureau of State Hearings on April 29, 2002. Initially, we must note that Ohio Adm. Code 5101:6-7-01(C)(1) provides that a hearing officer's findings must be based upon the evidence submitted at the state hearing. However, regardless of whether the administrative appeals officer had a duty to consider evidence submitted after the hearing, appellant's evidentiary supplement was sent on the same day the administrative appeal decision was rendered. Under the circumstances, considering such evidence was a practical impossibility.
 {¶ 14} Moreover, in its decision affirming the administrative appeal, the court of common pleas stated "[appellant] has also submitted additional documentary evidence which essentially attends to the decision to reduce her food stamp allocation about two years ago.
 {¶ 15} "Upon a review and consideration of the transcript of the proceedings and additional evidence submitted by appellant and filed herein, this court finds that the decision of the Department is supported by reliable, probative, and substantial evidence in the record and is otherwise in accordance with law." A court reviewing an administrative appeal may liberally admit new or additional evidence pursuant to R.C.2506.03. See State ex rel. Chagrin Falls v. Geauga Co. Bd. of Commrs.
(2002), 96 Ohio St.3d 400, 403. As evidenced by the court's remarks, it did consider appellant's evidentiary supplement and still affirmed the decision of the administrative appeals officer. As such, appellant was not prejudiced by the administrative appeals board's failure to consider her tardy evidentiary submission. Moreover, appellant offers no sound legal basis to either assail or undermine the common pleas court's conclusions. Thus, appellant has failed to demonstrate how the court of common pleas erred as a matter of law in affirming the decision of the administrative appeals officer.
 {¶ 16} For the foregoing reasons, the decision of the Portage County Court of Common Pleas is supported by reliable, probative, and substantial evidence and is therefore affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.
[1] Appellant submitted six letters (whose dates ranged from February, 1999 to June 2000) attempting to demonstrate that she was paying rent during this period. Appellant submitted this evidence to show she qualified for a rent deduction on her food stamps benefits. Because appellant is only entitled to that amount lost in the previous twelve months, the letters are not relevant to the current matter. Moreover, appellant already argued this matter in a previous administrative hearing (decision rendered February 26, 2001) and administrative appeal (decision rendered (April 3, 2001). Appellant never appealed this decision. This is pertinent to the instant case because, although appellant acknowledged that these issues were addressed before, she claimed (for purposes of the current appeal) that she had "new evidence" to demonstrate that she paid rent for the periods in question. The "new evidence" was the six letters alluded to supra. However, the hearing officer, in his April 12, 2002, decision, determined that the letters were not new, but a part of the record of the former administrative appeal. Because this decision was not appealed further, the issue of a correct amount of food stamps benefits may not be addressed in the current appeal because it has been conclusively adjudicated.