the line of duty, equal protection requires that similarly situated individuals be treated in a like manner. After the children were ineligible to receive benefits from the fund, appellee was situated similarly to other surviving spouses without children, and should have been treated the same. No legitimate state interest was furthered by treating her differently.

We hold that under R.C. 742.63, surviving spouses of members with children become situated similarly to surviving spouses of members without children once the children lose their eligibility for benefits. R.C. 742.63(H), by preventing the recalculation of benefits to be paid to the spouse of a member whose children become ineligible to receive benefits, unjustifiably discriminates against such a spouse, and violates the Equal Protection Clauses of the Ohio and United States Constitutions. We affirm the judgment of the court of appeals.[4]

*Judgment affirmed.*

A.W. SWEENEY, DOUGLAS, WRIGHT, F.E. SWEENEY, and PFEIFER, JJ., concur.

MOYER, C.J., dissents.

BLOCK, APPELLANT, *v.* LITTLEFIELD, WARDEN, APPELLEE.

[Cite as *Block v. Littlefield* (1993), 66 Ohio St.3d 451.]

(No. 93–507—Submitted May 25, 1993—Decided June 23, 1993.)

*Samuel Block, pro se.*

*Lee I. Fisher,* Attorney General, and *John J. Gideon,* Assistant Attorney General, for appellee.

The cause is affirmed for the reasons stated in the court of appeals' opinion.

4. Appellants argued to the trial court that the six-year limitation period of R.C. 2305.07 for actions "upon a liability created by statute" should bar appellee's right to challenge the constitutionality of R.C. 742.63(H). The trial court apparently did not accept appellants' argument, because appellee prevailed there. Appellants did not raise the statute of limitations issue in the court of appeals. While the issue is not properly before us, it is conceivable that the question could arise in other situations involving the distribution of benefits from the fund pursuant to R.C. 742.63.

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and PFEIFER, JJ., concur.

F.E. SWEENEY, J., dissents and would reverse.

COMMUNITY CONCERNED CITIZENS, INC., APPELLANT, *v.* UNION TOWNSHIP BOARD OF ZONING APPEALS, APPELLEE.

[Cite as *Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals* (1993), 66 Ohio St.3d 452.]

(No. 92–207—Submitted April 20, 1993—Decided June 23, 1993.)