CITY OF MAYFIELD HEIGHTS, Appellant,

v.

SNAPPY CAR RENTAL, Appellee.

DAVIS DEVELOPMENT GROUP, Appellee,

v.

CITY OF MAYFIELD HEIGHTS, Appellant.

[Cite as *Mayfield Hts. v. Snappy Car Rental* (1995), 110 Ohio App.3d 522.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 68097, 68098.

Decided Aug. 31, 1995.

*Vincent A. Feudo* and *William F. Schmitz*, for appellant.

*Kent Schneider* and *Craig W. Bashien; Hermann, Cahn & Schneider* and *Jay H. Salamon*, for appellee Snappy Car Rental.

*Edward Kancler*, for appellee Davis Development Group.

PATRICIA ANN BLACKMON, Judge.

In this consolidated appeal, the city of Mayfield Heights appeals the trial court's finding Section 1511.15(F–414)(c)(2) of the Codified Ordinances of Mayfield Heights unconstitutional and overruling the zoning board's denial of a variance requested by Davis Development Group. Mayfield Heights assigns the following two errors for our review:

"I. The trial court erred in declaring Section 1511.15(F–414)(c)(2) of the Codified Ordinances of the city of Mayfield Heights to be unconstitutional.

"II. The trial court erred in overruling the city's denial of Davis Development's request for a modification from the requirements of the Ohio fire code as codified in section 1511.15(F–414)(c)(2) of the Codified Ordinances of Mayfield Heights."

After reviewing the record and the arguments of the parties, we reverse the trial court's decision. The apposite facts follow.

Snappy Car Rental ("Snappy") and Davis Development Group ("Davis") sought to construct large office buildings in Mayfield Heights. Snappy and Davis

submitted construction plans to the city's building commissioner and fire marshall. The plans included the proposed installation of an eight-inch fire line which was to encircle the property and have two connections to the water main located in the street. Under Section 1511.15(F–414)(b)(2), fire hydrants were to be no more than three hundred feet apart and located so that all sides of all buildings would be accessible by comparatively short hose lays from more than one hydrant. Section 1511.15(F–414)(c)(2) required mains and hydrant branches be constructed with no less than eight-inch pipe. It also required, if possible, the yard hydrant system include a complete gridiron system, a branch line shut-off valve for each outlet, and should not include any dead-end mains.

The commissioner approved the plans submitted by Snappy and Davis. At some point after construction had begun, Snappy and Davis informed the city that it would not comply with the requirements of Section 1511.15(F–414)(c)(2). Each installed a single dead-end line.

On November 14, 1988, the city of Mayfield Heights filed a declaratory judgment action (case No. 159904) against Snappy Car Rental seeking to define the rights of the parties with respect to the validity and enforcement of Section 1511.15(F–414). The city also sought to enjoin Snappy to comply with Section 1511.15(F–414). In its answer, Snappy alleged Section 1511.15(F–414) was unenforceable because it was in conflict with Section 1016.0 of the Ohio Basic Building Code. Section 1016.0 provides fire hydrants shall not be installed on a water main less than six inches in diameter.

Upon motion, Landerhaven Country Club Estates was allowed to intervene in the action. Landerhaven averred it applied to the city and then to the Mayfield Heights Board of Zoning Appeals for a variance from the fire code but was informed that no decision would be made until the end of the city's action against Snappy. Landerhaven included a counterclaim against the city seeking a declaratory judgment that a variance should be granted for plans that substantially comply with the city's requirements for fire safety.

While the motion to intervene was pending, the board of zoning appeals held a public hearing on the variance request. The variance was denied on May 10, 1989. On June 14, 1989, Landerhaven and its agent, Davis Development Group, filed an appeal (case No. 171319) from the denial of the variance. Landerhaven's appeal was consolidated with the city's declaratory judgment action against Snappy.

The trial court issued an order upholding the constitutionality of the Mayfield Heights ordinance. A subsequent appeal by Davis and Landerhaven was dismissed for lack of a final appealable order. On remand, the trial court reconsidered its decision and found that the ordinance was unconstitutional as applied to the defendants' property. This appeal followed.

The first issue for consideration is whether the trial court erred in finding Section 1511.15(F–414)(c)(2) of the Mayfield Heights Codified Ordinances to be unconstitutional. A party who challenges the constitutionality of an ordinance must overcome a strong presumption of validity. *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 38, 616 N.E.2d 163, 166. The presumption reflects an awareness that local legislatures are better equipped than courts to formulate the level of necessary regulation. It also reflects a recognition that individual rights of use and enjoyment of property must necessarily be subject to regulations which promote public health, safety and welfare. *Hudson v. Albrecht, Inc.* (1984), 9 Ohio St.3d 69, 72, 9 OBR 273, 275–276, 458 N.E.2d 852, 855–856. Reasonable restrictions on individual rights will be upheld if they bear a substantial relationship to that objective and are not unreasonable or arbitrary. *Arnold* at 46, 616 N.E.2d at 171–172.

Mayfield Heights argues the purpose of the ordinance, as set forth in the fire code, is to "prescribe minimum standards and regulations governing conditions hazardous to life and property from fire and explosion." More specifically, Mayfield Heights argues the ordinance's "looping" requirement is beneficial for fire prevention by ensuring greater water supply, greater water pressure and adequate water supply in the event of a water line break.

Snappy argues Mayfield Heights failed to show that the current non-looped system installed by Snappy was yielding inadequate water pressure. It also argues the looping requirement would not preserve water pressure after a water line break unless the system's shut off valves were properly placed. Because the city of Cleveland has control over shut off valves, Snappy argues, requiring compliance with the looping requirement would not necessarily ensure adequate water pressure.

However, Mayfield Heights argues the requirements of Section 1511(F–414)(c)(2) are designed to enable the city to use the available water supply to its maximum effectiveness. Under a loop system, the loss of water pressure during large flows of water is minimized. Without a loop, Mayfield Heights argues the opening of one hydrant would seriously reduce water pressure to the remaining hydrants.

We reject Snappy's argument the ordinance was properly held unconstitutional because Mayfield Heights failed to show that the water pressure under the current system would be inadequate in the event of a large water flow. As discussed above, Mayfield Heights enjoys a presumption that the ordinance is constitutional and need not prove the ineffectiveness of other systems. The

burden is on Snappy to show that the requirements imposed by the ordinance are unreasonable and not necessary to the health, safety, and welfare of Mayfield Heights residents. See *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 19, 526 N.E.2d 1350, 1357. Snappy has made no such showing. Therefore, we sustain Mayfield Heights' first assignment of error and reverse the trial court's decision in the declaratory judgment action.

In its second assignment of error, Mayfield Heights argues the trial court erred in overruling the board of zoning appeals' denial of Davis's request for a variance. When reviewing the decision of an administrative agency, the trial court is limited to determining whether there was a preponderance of substantial, reliable, and probative evidence to support the decision. *Community Concerned Citizens v. Union Twp.* (1993), 66 Ohio St.3d 452, 456, 613 N.E.2d 580, 584. The trial court may not substitute its judgment for that of the agency. *Id.* In this case, the trial court found that the board of zoning appeals' decision was illegal because it was based upon an ordinance which the trial court ruled unconstitutional. As discussed above, we find that the challenged ordinance was not unconstitutional. Because the trial court failed to make any findings about whether the board of zoning appeals' decision was arbitrary, capricious, unreasonable, or unsupported by a preponderance of the evidence, we reverse the decision overruling the denial of the variance and remand the cause to the trial court for further review. See *Sherman v. Dayton Bd. of Zoning Appeals* (1992), 84 Ohio App.3d 223, 228, 616 N.E.2d 937, 940; R.C. 2506.04.

The judgment of the trial court is reversed and the cause is remanded.

*Judgment accordingly.*

SPELLACY, P.J., and KARPINSKI, J., concur.