[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION.
Defendants-appellants, the city of Cincinnati, the Cincinnati Civil Service Commission and city manger John Shirey (collectively referred to as the "City"), appeal the judgment of the Hamilton County Court of Common Pleas reversing the decision of the civil service commission. We have sua sponte removed this case from the accelerated calendar.
The issue in this case is whether the lower court erred when it ordered the City to return appellee, Robert A. Cook, Jr., to employment as a police officer within the Cincinnati Police Division and awarded him back pay. For the reasons that follow, we find no error in that judgment.
The record demonstrates that Officer Cook was an exemplary police officer. Unfortunately, in September 1995, he suffered a retinal detachment in his right eye. Two attempts to surgically correct this injury were unsuccessful. In October 1996, Officer Cook was notified by the chief of police that, pursuant to police division regulations, he would be medically separated from the division on November 30, 1996. Officer Cook, also acting pursuant to the police division's regulations, requested the city to accommodate his condition by reassigning him to a staff position as a sworn police officer. In response to that request, the City offered Officer Cook a non-police position as a 911 emergency operator at a salary that was $13,000 less than what he was earning annually as a police officer.
Officer Cook challenged his medical separation before the civil service commission. In that appeal, he also argued that his placement in the 911 operator position was not a reasonable accommodation. The commission, however, declined to consider the reasonableness of the accomodation issue on the ground that it lacked jurisdiction to consider matters that came within the purview of the Americans with Disabilities Act (ADA). The commission further denied Officer Cook's appeal of the decision to medically separate him from the police department.
Officer Cook then appealed the decision of the commission to the Hamilton County Court of Common Pleas. That court ultimately ordered the City to reinstate Officer Cook as a police officer with back pay. From that judgment, the City has perfected this timely appeal in which it urges, in a single assignment of error, that the lower court abused its discretion by taking jurisdiction over an issue concerning the ADA and returning Officer Cook to a desk job as a sworn police officer within the Cincinnati Police Division. We find the assignment unpersuasive.
The City's primary contention is that matters concerning the ADA are beyond the jurisdiction of the commission. It contends that, therefore, the trial court also lacked the authority to consider whether the commission abdicated its responsibility by refusing to consider the reasonableness of the City's offer of accommodation to Officer Cook. The City's argument is not persuasive.
R.C. 2506.04, governing the trial court's review of administrative appeals, provides the following:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. * * *
 Courts reviewing the decision of an administrative agency must "weigh the evidence in the record * * * to determine whether there exists a preponderance of reliable, probative, and substantial evidence to support the agency decision."[1] Pursuant to R.C. 2506.04, the decision of the common pleas court may be appealed "on questions of law." In Lorain Cty. Bd. of Edn. v. State Emp. Relations Bd.,[2] the Supreme Court of Ohio stated:
 The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion "* * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency."
 Thus, absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment.[3]
We hold that the trial court did not abuse its discretion in reversing the decision of the civil service commission. The police division's own regulations provide that, in cases of medical separation, the chief of police is required to notify the employee that he may request accommodation.[4] Officer Cook requested an accommodation. The City then became obligated to look for a position for him in the following order:
* Within the division;
* Within the department;
* Within the City as a whole.[5]
We hold that because the terms of Officer Cook's medical separation, including his right to request accommodation, were created by the police division's own regulations, the commission was required to consider and rule upon the reasonableness of the accommodation offered by the city.[6] Its failure to do so was clearly erroneous.
Further, the trial court's entry requiring the City to place Officer Cook in a desk job within the police division was not improper. Officer Cook presented competent, credible evidence that he was able to perform the duties of an officer in settings other than those requiring "combat-readiness." Therefore, the trial court's order implementing the reasonable accomodation provided for under the police division's regulations cannot be characterized as an abuse of discretion.
While we are mindful of the City's contention that it requires all of its officers to be "combat-ready," the fact remains that Officer Cook has demonstrated the ability to perform the duties of the position in which he was ordered to be placed. We therefore cannot say that the trial court's order reflected a perversity of will, passion, prejudice, partiality, or moral delinquency. Accordingly, we are constrained to overrule the City's assignment of error. The judgment of the trial court is hereby affirmed.
Judgment affirmed.
 Winkler and Shannon, JJ., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] Dudukovich v. Lorain Metropolitan Housing Authority
(1979), 58 Ohio St.2d 202, 207, 389 N.E.2d 1113, 1117; see, also,Community Concerned Citizens, Inc. v. Union Twp. Bd. of ZoningAppeals (1993), 66 Ohio St.3d 452, 456, 613 N.E.2d 580, 584.
[2] (1988), 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264,267, citing State ex rel. Commercial Lovelace Motor Freight, Inc. v.Lancaster (1986), 22 Ohio St.3d 191, 193, 489 N.E.2d 288, 290.
[3] See Bd of Edn. of the Rossford Exempted Village SchoolDist. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707,590 N.E.2d 1240, 1241.
[4] Regulation 19.130(C)(1)(c).
[5] Regulation 19.130(C)(3)(a)(1).
[6] Given the inclusion of ADA concepts in the police division's regulations, the commission's jurisdiction to hear ADA claims is irrelevant.