PAINE FUNERAL HOME, Appellant,

v.

BOARD OF EMBALMERS AND FUNERAL DIRECTORS OF OHIO, Appellee.

[Cite as *Paine Funeral Home v. Bd. of Embalmers & Funeral Directors of Ohio*, 150 Ohio App.3d 291, 2002-Ohio-6474.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 2001–A–0078.

Decided Nov. 22, 2002.

292

T. Scott Gilligan, for appellant.

Betty D. Montgomery, Attorney General, and Mollie A. Martin, Assistant Attorney General, for appellee.

Judith A. Christley, Judge.

{¶ 1} This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Paine Funeral Home, appeals from a final judgment of the Ashtabula County Court of Common Pleas affirming a decision of appellee, the Board of Embalmers and Funeral Directors of Ohio ("the board"), which suspended appellant's funeral home license for six months.

{¶ 2} Appellant is a funeral home located in Orwell, Ohio. Vaughn Paine is the sole owner of appellant and a second funeral home doing business in Rock Creek, Ohio. The record shows that in January 1999, Vaughn Paine, who is not a licensed funeral director, ordered someone to forge the signature of George Rozman ("Rozman"), the funeral director in charge of appellant, on two death certificates. Based his actions, Vaughn Paine was charged with and pleaded guilty to two criminal counts of engaging in the business of funeral directing without a license in violation of R.C. 4717.13(A)(1).

{¶ 3} As a result of Vaughn Paine's convictions, the board charged both funeral homes with violating R.C. 4717.14(A)(4) and (5), which authorize the board to suspend a license for (1) committing immoral or unprofessional conduct or (2) knowingly permitting an unlicensed person, other than an apprentice, to engage in the profession or business of embalming or funeral directing under the licensee's supervision. Specifically, the board alleged that the funeral homes allowed "Vaughn E. Paine to act in the capacity of a funeral director as evidenced by his conviction on two counts" of R.C. 4717.13(A)(1).

{¶ 4} The funeral homes requested a hearing, which was held on May 5, 2000. After considering the evidence, the hearing examiner issued a decision in which he recommended that the license of both funeral homes be suspended for six months. The board adopted the hearing examiner's findings of fact and conclusions of law. However, the board modified the hearing examiner's recommendation to exclude the Rock Creek funeral home from the suspension because the violations had occurred only at appellant.

{¶ 5} Appellant appealed the board's decision to the Ashtabula County Court of Common Pleas. On October 18, 2001, the common pleas court issued a judgment entry affirming appellant's suspension.

{¶ 6} From this decision, appellant filed a timely notice of appeal with this court. The funeral home now argues under its sole assignment of error that the common pleas court erred in upholding the six-month suspension because the criminal conduct of an unlicensed owner does not, by itself, constitute unprofessional conduct on the part of a funeral home. In the alternative, appellant submits that even if it did, the board's decision was not supported by reliable, probative, and substantial evidence.

{¶ 7} R.C. 2506.04 provides the decision-making process a reviewing court must follow when deciding an administrative appeal. It reads:

{¶ 8} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole of the record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision * * *."

{¶ 9} Therefore, the standard of review applied by the common pleas court is whether there is a preponderance of substantial, reliable, and probative evidence in the record to support the decision of the administrative agency. *Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals* (1993), 66 Ohio St.3d 452, 456, 613 N.E.2d 580; *Fisher–Yan v. Mason* (Sept. 22, 2000), 11th Dist. No. 99–G–2224, 2000 WL 1371474. In undertaking this review, the common pleas court, acting as an appellate court, must give due deference to

the administrative agency's determination of evidentiary conflicts. *Lawson v. Foster* (1992), 76 Ohio App.3d 784, 788, 603 N.E.2d 370. Accordingly, the common pleas court may not substitute its judgment for that of the agency. *Community Concerned Citizens* at 456, 613 N.E.2d 580; *Lawson* at 788, 603 N.E.2d 370. Rather, the common pleas court "is bound by the nature of administrative proceedings to presume that the decision of the administrative agency is reasonable and valid[,]" and the burden of demonstrating the invalidity of the agency's decision rests with the contesting party. *Community Concerned Citizens* at 456, 613 N.E.2d 580; *Fisher–Yan* at 10. See, also, *C. Miller Chevrolet v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 67 O.O.2d 358, 313 N.E.2d 400, and paragraph two of the syllabus.

{¶ 10} A court of appeals must affirm the decision of the common pleas court unless it finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of substantial, reliable, and probative evidence. *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848; *Fisher–Yan* at 10–11. Stated differently, while R.C. 2506.04 gives the common pleas court the power to weigh the evidence, the statute grants an appellate court only the limited authority to the review the judgment of the common pleas court strictly on "questions of law." *Fisher–Yan* at 11.

{¶ 11} Appellant first argues that the criminal conduct of an unlicensed owner does not, by itself, constitute unprofessional conduct on the part of a funeral home. In doing so, appellant maintains that even though the board has general jurisdiction over funeral homes and funeral directors, it does not regulate the conduct of unlicensed owners. Therefore, appellant believes that the board's authority to discipline funeral homes and funeral directors is sufficient to ensure that a funeral home is operated in an ethical, professional, and legal manner.

{¶ 12} Furthermore, appellant claims that there is no statutory or regularity authority to proceed against a funeral home based solely on the misconduct of its unlicensed owner. Accordingly, appellant contends that if this court were to uphold the suspension, "it would be granting the Board the unfettered discretion to shut down Ohio funeral homes for unrelated misdeeds of non-licensed owners."

{¶ 13} After considering appellant's arguments, we can find no reason to insulate a funeral home from the misconduct of an unlicensed owner. Although the board may not have the authority to sanction Vaughn Paine directly, there is nothing to stop the board from punishing appellant for allowing its owner to engage in conduct for which he was not licensed.

{¶ 14} If we were to follow appellant's position to its logical conclusion, a funeral home would never be responsible for the actions of an owner or employee

unless the person was licensed. As the hearing examiner observed in his decision:

{¶ 15} "[W]hile the license is issued in the funeral home name, it is closely linked with the person who is the owner of the funeral home. In my view, any argument that the funeral home is completely insulated from its owner's wrongdoing is inconsistent with the purpose of the law and without merit. If [appellant's attorney's] argument was accepted, it would be extremely difficult, if not impossible, to ever subject a funeral home license to suspension or revocation."

{¶ 16} We would further note that appellant is not being punished simply because Vaughn Paine ordered someone to forge a signature on two death certificates. Rather, appellant, which is certainly responsible for the actions occurring at the funeral home that are directly related to the funeral-directing business, is being punished for engaging in immoral or unethical conduct and for knowingly permitting an unlicensed person to engage in the profession or business of funeral directing. Accordingly, it is appellant's own action, or lack thereof in this case, that is the ultimate reason for the suspension.

{¶ 17} Next, appellant argues that the board's decision is not supported by reliable, probative, and substantial evidence. According to appellant, the only evidence presented at the hearing to show that the funeral home had allowed Vaughn Paine to act in the capacity of a licensed funeral director was his two convictions. Appellant maintains, however, that the hearing examiner misapplied the doctrines of res judicata and collateral estoppel and treated the convictions as irrefutable evidence of appellant's own misconduct.

{¶ 18} As for the unprofessional conduct finding, appellant submits that it is "flawed on [its] face." Specifically, appellant contends that unprofessional conduct is that which violates the rules of ethical behavior of a profession or such behavior that is unbecoming a member of a profession in good standing. As a result, because Vaughn Paine is not a member in good standing in the funeral profession, appellant proposes that he cannot be found guilty of unprofessional conduct.

{¶ 19} Appellant does not dispute that Vaughn Paine directed another person at appellant's premises to forge Rozman's name on two death certificates. Moreover, it is also uncontroverted that as a result of his actions, Vaughn Paine pleaded guilty to two counts of engaging in the business of funeral directing without a license, in violation of R.C. 4717.13(A)(1).

{¶ 20} The board relied on these convictions when it determined that appellant knowingly permitted an unlicensed person to engage in the profession or business of funeral directing. However, appellant correctly notes that a person other than a licensed funeral director may legally sign a death certificate.

Accordingly, appellant insists that the convictions are insufficient to support the board's decision, as Vaughn Paine's actions did not constitute funeral directing.

{¶ 21} In his decision, the hearing examiner stated that he was "unclear * * * how the forged signatures on the Death Certificates at issue constitute[d] a violation of R.C. 4717.13(A)(1), especially when the Death Certificates could have been legally signed by someone other than a licensed funeral director." Nevertheless, because the purpose of the hearing was to determine whether appellant's license should be suspended, the hearing examiner concluded that "it [was] not within the province of this Board to decide whether that was the appropriate criminal charge or to 'retry' the matter. The plain and simple fact is that by pleading guilty, [Vaughn] Paine has been convicted of illegally engaging in the business or profession of funeral directing in connection with two funerals that were arranged under the auspices of the Paine Funeral Home in Orwell, Ohio."

{¶ 22} The question of whether Vaughn Paine was actually guilty of engaging in the business of funeral directing without a license is immaterial to whether appellant's license should have been suspended. For whatever reason, Vaughn Paine chose to plead guilty to the two charges and never subsequently challenged his convictions. The board was not obligated to determine whether Vaughn Paine was guilty. Instead, the board was required to determine only whether appellant had knowingly permitted Vaughn Paine to engage in the business of funeral directing. To that end, the two convictions were certainly relevant, and constituted reliable, probative, and substantial evidence.

{¶ 23} This court also concludes that there was reliable, probative, and substantial evidence to support the unprofessional conduct finding. Appellant's permitting Vaughn Paine to order someone to *forge* a signature on two death certificates and engage in the business of funeral directing is not only unprofessional, it is illegal.

{¶ 24} Based on the foregoing analysis, appellant's sole assignment of error is not well taken. The judgment of the common pleas court, therefore, is affirmed.

Judgment affirmed.

DONALD R. FORD and DIANE V. GRENDELL, JJ., concur.