OPINION *Page 2 
{¶ 1} Appellant Kipp W. Kubbs appeals the January 11, 2008 Judgment Entry of the Court of Common Pleas of Licking County, Ohio, which upheld the decision of Appellee Board of Zoning Appeals of the City of Pataskala ("the Board"), Licking County, Ohio. The Board approved the application of Phillip and Constance Smith for three zoning variances from the requirements of the Pataskala Zoning Ordinances. Appellant assigns the following three errors:
 {¶ 2} "I. THE PATASKALA, OHIO BOARD OF ZONING APPEALS DECISION OF MAY 2, 2006 IS BEYOND THE JURISDICTION OF THE BZA AND IS CONTRARY TO THE FACTS AND LAW CONCERNING THE REQUESTED VARIANCES AS APPLIED TO THE CODIFIED ORDINANCES OF THE CITY OF PATASKALA, OHIO.
 {¶ 3} "II. THE APPELLANT SUBMITS THAT THE PATASKALA, OHIO BOARD OF ZONING APPEALS DECISION ISSUED ON MAY 2, 2006 GRANTING APPLICATION NO. 2006-111 WAS ARBITRARY, CAPRICIOUS, UNREASONABLE AND NOT BASED ON THE PREPONDERANCE OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE.
 {¶ 4} "III. THE PATASKALA, OHIO BOARD OF ZONING APPEALS DECISION OF MAY 2, 2006 IS AGAINST THE WEIGHT OF THE EVIDENCE."
 {¶ 5} The record indicates the Smiths own a four-acre lot which was formerly part of Lima Township. After the Smiths purchased the lot, the property was annexed to the City of Pataskala, and zoned agricultural. An agricultural zone requires a minimum of ten acres for building lots. *Page 3 
 {¶ 6} The Smiths applied for a zoning variance which would permit them to split their four acre tract of land into two home sites of two acres each. In addition to the variance to split the lot, the Smiths requested two variances predicated on receiving permission to split the parcel in two. One request sought a variance from the required 50 feet setback line to 23.62 feet, and the second requested the frontage requirement of 250 feet be reduced to 111.9 feet. The Board concedes its decision to grant the variance to split the lot does not end the process, because the matter must be submitted to the City's Planning Commission for approval.
 {¶ 7} The County Health Department has certified the two lots would be suitable for an on-site septic system.
 {¶ 8} The Board of Zoning Appeals held three public hearings in April and May of 2006, and granted the variances. Appellant appealed this determination to the Licking County Court of Common Pleas, which affirmed the decision. Appellant appealed the matter to this court, and in Kubbs v. Board of Zoning Appeals of the City of Pataskala, Licking App. No. 07-CA-19, 2007-Ohio-5809, we remanded the matter to the Board for findings of fact to support the approval of the variances.
 {¶ 9} In February 2008, the Board approved formal written findings of fact, and Appellant again appealed to the common pleas court.
 {¶ 10} This appeal comes to us pursuant to R.C. Chapter 2506. R.C. 2506.04 provides in pertinent part:
 {¶ 11} "* * * The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. *Page 4 
Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of laws provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2506 of the Revised Code."
 {¶ 12} In Henley v. Board of Zoning Appeals, 90 Ohio St. 3d 142,2000-Ohio-493, 735 N.E. 2d 433, the Supreme Court found the common pleas court considers the whole record, including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. The standard of review to be applied by the court of appeals is more limited in scope. The court of appeals may review the judgment of the common pleas court only on questions of law, which does not include weighing the evidence. Furthermore, "[a]ppellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Lorain City School Dist. Bd. of Edn. v. StateEmp. Relations Bd. (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264, 267.
 I {¶ 13} In his first assignment of error, appellant argues the decision of the Board of Zoning Appeals went beyond its jurisdiction and is contrary to facts and law.
 {¶ 14} Section 1207.03 of the Codified Ordinances of the City of Pataskala creates a Planning and Zoning Commission. Section 1207.04 sets out the duties of the *Page 5 
Commission, among which is the duty to review all proposed lot splits of less than 20 acres within the city before the split may be recorded.
 {¶ 15} Section 1211.05 provides the Board of Zoning Appeals shall have the power to authorize, in specific cases, a variance from the provisions and requirements of the zoning code which are in harmony with the general purpose and intent of the zoning code, where strict application of the requirements would result in practical difficulty or unnecessary hardship, that would deprive the owner of reasonable use of the land and structures involved.
 {¶ 16} The Smiths brought the matter to the Board of Zoning Appeals to secure variances permitting them to have lot sizes less than that required by the city zoning ordinance and to secure the set back and frontage variances they would need if a lot split was granted. The Smiths elected to seek the variances before seeking the Planning and Zoning Commission's approval of their plan to split the lot into two parcels.
 {¶ 17} Without a doubt, the Board of Zoning Appeals has sole authority and jurisdiction to approve or reject requests for variances. We agree with Appellant the Board of Zoning Appeals did not have jurisdiction to approve a lot split by means of a variance, because lot splits are solely within the jurisdiction of the Planning and Zoning Commission. However, even if the Planning and Zoning Commission approved the lot split it appears a variance from the zoning ordinance requiring ten acre building lots would still be needed from the Board of Zoning Appeals. While the Smiths may have put the proverbial cart before the horse in this matter in seeking the variances prior to seeking approval for the lot splits, it appears the Smiths are required to obtain approval from both agencies in order to proceed. Accordingly, we find the Board of Zoning *Page 6 
Appeals did not act outside of its jurisdiction in approving the variances, even though the Smiths must still obtain approval of the lot split from the Planning and Zoning Commission prior to proceeding.
 {¶ 18} The first assignment of error is overruled.
 II, III {¶ 19} In the second and third assignments of error, Appellant argues the Board's decision on May 2, 2006, was arbitrary, capricious, unreasonable and not based on the preponderance of substantial, reliable and probative evidence. Appellant further maintains the Board's decision was against the manifest weight of the evidence. We disagree.
 {¶ 20} Again, R.C. 2506.04 sets forth the applicable standard of review and provides as follows:
 {¶ 21} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."
 {¶ 22} In undertaking its review, the common pleas court must give deference to the administrative agency's resolution of evidentiary conflicts. Univ. of Cincinnati v. *Page 7 Conrad (1980), 63 Ohio St.2d 108, 111, 407 N.E.2d 1265. The common pleas court may not substitute its judgment for that of the agency, especially in matters of administrative expertise. Community ConcernedCitizens, supra, at 456, 613 N.E.2d 580. Further, the common pleas court is required to presume the decision of the administrative agency is reasonable and valid. Id.
 {¶ 23} This Court's standard of review in an R.C. 2506.04 appeal is "more limited in scope." Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34,465 N.E.2d 848. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Id. at fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Lorain CitySchool Dist. Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 261, 533 N.E.2d 264. 40 Ohio St.3d 257, 533 N.E.2d 264.
 {¶ 24} Initially, Appellant cites the Board's "Additional Comments" following its finding facts and conclusions made after this Court's prior order of remand:
 {¶ 25} "The information for the findings of facts is based ontranscripts from three hearings regarding Variance 2006-111. While theBZA has answered the questions with the information presented to them atthe time of the hearings, there are grave *Page 8 concerns that the facts presented were untrue. The BZA is open tobringing the parties involved back to ensure the information presentedwas true and accurate."
 {¶ 26} The present Board's statement now of its "grave concern" relative to the facts presented is of no import in our review of the Board's previous decision. The Board's decision was final and binding. The additional comments do not allow for a "do over".
 {¶ 27} Appellant maintains the transcript of the hearings is replete with statements made by "unidentified individuals" who spoke on numerous occasions, who may or may not have been sworn, including the applicant, Mr. Smith. However, Appellant does not cite to the record where the testimony was objected to based on the arguments presented herein.
 {¶ 28} Appellant further asserts the Board's granting of the three variances resulted in extreme and gross deviations from those contemplated by the ordinance.
 {¶ 29} In the case sub judice, the Smiths applied for area variances, as opposed to a use variance. In Kisil v. Sandusky (1984),12 Ohio St.3d 30, the Ohio Supreme Court held in the syllabus:
 {¶ 30} "The standard for granting a variance which relates solely to area requirements should be a lesser standard than that applied to variances which relate to use. An application for an area variance need not establish unnecessary hardship; it is sufficient that the application show practical difficulties.* * *
 {¶ 31} In Duncan v. Middlefield (1986), 23 Ohio St.3d 83, the Supreme Court stated: *Page 9 
 {¶ 32} "While existing definitions of `practical difficulties' are often nebulous, it can safely be said that a property owner encounters `practical difficulties' whenever an area zoning requirement (e.g., frontage, setback, height) unreasonably deprives him of a permitted use of his property. The key to this standard is whether the area zoning requirement, as applied to the property owner in question, is reasonable. The practical difficulties standard differs from the unnecessary hardship standard normally applied in use variance cases, because no single factor controls in a determination of practical difficulties. A property owner is not denied the opportunity to establish practical difficulties, for example, simply because he purchased the property with knowledge of the zoning restrictions. (Citation omitted).
 {¶ 33} "The factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property include, but are not limited to: (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (e.g., water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance." Duncan, at 86. *Page 10 
 {¶ 34} Upon our review of the record and the findings of the Board and trial court, we find the decision of the BZA to be supported by substantial, reliable probative evidence, and the trial court's judgment was not erroneous or against the manifest weight of the evidence as a matter of law.
 {¶ 35} The second and third assignments of error are overruled.
 {¶ 36} Based on the foregoing, the January 11, 2008 Judgment Entry of the Licking County Court of Common Pleas is affirmed.
Hoffman, J., and Farmer, P.J., concur.
Gwin, J., dissents *Page 11